UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

TIMOTHY R. ST. MARTIN,

                                              Plaintiff,

                                                                                                <u>DECISION AND ORDER</u>

                                                                                                 12-CV-6232L

                                              v.

TROOPER DANIEL IRLAND,
TRACY R. IRLAND,

                                              Defendants.
_____

        On April 28, 2011, plaintiff Timothy R. St. Martin ("St. Martin") was arrested for speeding and related charges while driving on Interstate 490 east of Rochester, New York. He was also charged with driving with an obstructed license plate. St. Martin was prosecuted in Perinton Town Court (Monroe County) and eventually pleaded guilty to a charge of disobeying a traffic control device.

        St. Martin has now filed, *pro se,* a complaint against the arresting officer, New York Police Trooper Daniel J. Irland and his wife, Tracy R. Irland. Plaintiff alleges a violation of his civil rights on the theory that his receipt of a traffic ticket for obstructing the license plate affixed to his BMW vehicle was protected free speech. St. Martin apparently had obscured part of the plate and placed a sticker "HIGHEST TAXED" over the word "EMPIRE" on the license plate. St. Martin contends in the complaint that this was "apt description of the kleptocracy that emanates from Albany." (Dkt. 1, ¶ 12). Plaintiff claims that the issuance of the traffic citation was somehow issued in violation of his protected speech. Plaintiff also claims in his complaint that he is protected "against peonage and involuntary servitude." (Dkt. #1, ¶ 17).

        Plaintiff also references the defendants' executing documents such as a "1040" which reflects "gains of the officer and his spouse." For relief, plaintiff seeks $10,000 compensatory damages "to

be paid in the form of 6.1 troy ounces of Constitutional gold coin, or its silver equivalent." (Dkt. #1, ¶ 30). Similarly, he requests punitive damages "to be paid in the form of 15.25 troy ounces of Constitutional gold coin, or its silver equivalent." (Dkt. #1, ¶ 31). Further, at ¶ 35, he states that neither the United States, nor the State of New York can be substituted and consent of the State of California is not demanded.

Defendants have moved to dismiss (Dkt. #8 and Dkt. #10).

First of all, as to defendant Tracy R. Irland who apparently is the arresting trooper's wife, there is no basis whatsoever for her to have been sued or remain in this lawsuit. There is no evidence advanced in the complaint or otherwise that Tracy Irland was involved in the arrest of St. Martin for the traffic infractions. The only apparent basis for her inclusion in the lawsuit is, as stated in ¶ 5(A)(4), in order to protect against the "potential unlawful dissipation of assets." That is not a sufficient basis to join the wife of a defendant in a federal lawsuit and appears to be done for no other reason than to harass the arresting officer. Therefore, the motion to dismiss Tracy R. Irland is granted.

As defendants point out, the plaintiff has misled the Court in his complaint by stating that he has no previously filed lawsuits in state or federal court (Dkt. #1, ¶ 4). As set forth in the declaration of Assistant Attorney General Hillel Deutsch, St. Martin is a frequent filer of lawsuits (Dkt. #8). Those numerous lawsuits in both state and federal court are listed in the declaration of Assistant Attorney General Deutsch. Four cases have been prosecuted in this district and all have been dismissed. Defendants urge this Court to dismiss the complaint on that basis alone because St. Martin submitted blatantly false information in his verified complaint. I agree that there certainly is a basis to dismiss the complaint on that ground alone.

On its merits, the complaint should be dismissed. This appears to be nothing more than a simple case of a plaintiff arrested on a traffic violation who seeks to transform it into a federal lawsuit. There is no basis to do so. The rights, First Amendment and otherwise, set forth by plaintiff, his claims he was forced into "peonage" and the rest of the complaint demonstrate that

there is no basis in law or fact to establish a civil rights violation. Defendant was arrested, he eventually pleaded to a traffic offense and that fact establishes probable cause to make the arrest.

Plaintiff moved to strike defendants' motions (Dkt. #12) on the grounds that he had not received copies of uncited decisions which is required since plaintiff is proceeding *pro se*. Defendants promptly supplied plaintiff with the legal authority involved (Dkt. #13 and Dkt. #14) and St. Martin has not otherwise moved or filed additional papers.

## CONCLUSION

The motions to dismiss (Dkt. #8 and #10) are in all respects granted with prejudice.

Plaintiff's motion to strike (Dkt. #12) is denied as moot.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
September 24, 2012.